1
2
3
4
5
6
7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CONNOR A. DAVIS,

11               Plaintiff,                      No. CIV S-11-2830 DAD P

12        vs.

13   COLUSA COUNTY COURT SYSTEM, et al.,

14               Defendants.                     <u>ORDER</u>

15   _____/

16            This action was transferred to this court from the U.S. District Court for the

17   Northern District of California. Plaintiff, an inmate at the Colusa County Jail and proceeding pro

18   se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to

19   proceed in forma pauperis.

20   **I. Application to Proceed In Forma Pauperis**

21            Plaintiff has not submitted his in forma pauperis request on the form used by this

22   district, nor has he submitted a certified copy of his inmate trust account statement as required.

23   Therefore, plaintiff's request for leave to proceed in forma pauperis will be denied without

24   prejudice, and plaintiff will be granted thirty days to submit a new request on the form used by

25   this court. Plaintiff is cautioned that the form includes a section that must be completed by a jail

26   /////

1

official, and the application form must be accompanied by a certified copy of plaintiff's inmate trust account statement for the six-month period immediately preceding the filing of this action.

**II.  Screening Requirement**

The court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

/////

(1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff elects to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Any amended complaint must also allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his original complaint plaintiff has named as defendants the Colusa County Court System, Colusa County Hospital, Colusa Police Department, Colusa Sheriff Department, California Department of Corrections and Rehabilitation, and the F.D.A. Federal Drug Administration. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, plaintiff has not named a proper defendant in this action. Should plaintiff decide to proceed with this action by filing an amended complaint, he is cautioned to name as defendants those persons who, acting under color of state law, allegedly violated his constitutional rights..

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 6, 2011 request for leave to proceed in forma pauperis (Doc. No. 3) is denied without prejudice;

2. Plaintiff shall submit, within thirty days from the date of this order, a properly completed application to proceed in forma pauperis on the form provided with this order;

3. Plaintiff's civil rights complaint, filed on September 19, 2011, is dismissed without prejudice;

4. Within thirty days from the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

/////

assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the Clerk of the Court and answer each question;

    5. Plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice;

    6. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner and the form complaint for a § 1983 action.

DATED: November 10, 2011.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD: 4
davi2830.14+