IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNOR A. DAVIS,

      Plaintiff,                   No. 2:11-cv-02830-DAD P

      vs.

COLUSA COUNTY COURT SYSTEM, et al.,

      Defendants.           <u>ORDER</u>

                                   /

        Plaintiff, an inmate at the Colusa County Jail, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). <u>See</u> Doc. No. 9.

        On November 14, 2011, the court ordered plaintiff to submit a new application requesting leave to proceed in forma pauperis. The court also dismissed plaintiff's complaint and granted him leave to file an amended complaint. Before the court is plaintiff's in forma pauperis application, amended complaint, request for the appointment of counsel, and multiple motions seeking leave to add another plaintiff to this action

/////

/////

1

**I. Application for Leave to Proceed In Forma Pauperis**

In the court's November 14, 2011 order, plaintiff's October 6, 2011 forma pauperis application was denied because plaintiff did not use this court's application form and failed to submit a certified copy of his jail trust account statement. Plaintiff was ordered to file a new application within thirty days.

Plaintiff filed a new in forma pauperis application on November 28, 2011. However, plaintiff again fails to submit a certified copy of his jail trust account statement. Therefore, the application to proceed in forma pauperis will again be denied. See 28 U.S.C. § 1915(a)(2).

**II. Plaintiff's Amended Complaint**

In the court's November 14, 2011 order, plaintiff's complaint was dismissed with leave to amend. Plaintiff was advised that pursuant to 28 U.S.C. § 1915A, the court is required to screen complaints and must dismiss a complaint that raises claims that are legally frivolous or that fail to state a claim upon which relief may be granted. (Doc. No. 10 at 2.) Plaintiff was provided with the legal standards applicable to the claims he was attempting to present and was advised that he must name only defendants proper defendant. (Id. at 3-4.) The court also noted that the Colusa County Court System, Colusa County Hospital, Colusa Police Department, Colusa Sheriff Department, California Department of Corrections and Rehabilitation, and the F.D.A. Federal Drug Administration were not properly named as defendants in a civil rights action. (Id. at 4.) Plaintiff was advised that he must name as defendants only those who had allegedly acted under color of state law in denying him his constitutional rights. (Id.)

In the amended complaint now before the court plaintiff has failed to name any defendant. Instead, plaintiff provides the following statement:

/////

/////

/////

> As I have stated in my "Petition for Writ of Habeas Corpus"[1], that the agencies would not give name(s) - only initial on form(s) or title(s)[.]  As you can see by some form(s) I have sent to you (District Court(s)) - California Department of Correction [sic] & Rehabilitation - Colusa Sheriff Dept. - Colusa County Police Dept.

(Doc. No. 12 at 3.)  However, plaintiff cannot proceed with this civil rights action without naming a proper defendant.

As to the nature of the claims presented in his amended complaint, plaintiff provides only the following statement:

> I have been stating fact(s) and showed most of it.  But when I could not get the Information, I ask for from the "Agencies" or person(s) or Individual, to show incompetdence [sic] or neglectfully in thier [sic] job(s) or office(s) as  you can see (U.S. District Court) - I have tryed [sic] to get information - outside of jail I had most of the Information now I can not get to it to send to (U.S. District Court) one (U.S. District Court has all my medical malpractice paperwork and the U.S. District Court "bounce" from one U.S. District Court to another.

(Id.)  Although plaintiff has attached supplemental pages to his amended complaint, the nature of the claims plaintiff seeks to pursue in this civil rights action remain unclear.  As the court explained in its November 14, 2011 order dismissing the original complaint with leave to amend, plaintiff is required to provide a short and plain statement of his claim or claims and to set forth sufficient factual allegations to provide defendant with fair notice of the claim or claims and the grounds upon which those claims rest.  (Doc. No. 10 at 2-3.)  Here, it is impossible to determine from plaintiff's amended complaint the nature of his claims.  Moreover, plaintiff's subsequently filed letters, exhibits, and statements add further confusion rather than clarification as to the nature of the claims he is attempting to pursue.  For example, on December 6, 2011, plaintiff filed a document with the court titled, "Complaint Form" in which he writes in part:

/////

---

[1] Plaintiff also attached to his amended complaint the first page of the habeas petition he filed with the Colusa County Superior Court in which he named as respondents the "Colusa County Sheriff Dept. & Colusa County Court System (Judge Thompson - District Attorney? [sic] - Public Defender, Court House Staff? [sic] Albert Smith." (Doc. No. 12 at 8.)

> This shows the conflict of interest, and United States and California Constitution, and my civil rights as a human and a humanitarian for the "we the people of the United States Rights."
>
> *1) Incompetent counsel - by Public Defender (Albert Smith - Colusa, City of Colusa)
>
> *2) Colusa Court System - In Colusa Superior Court of California - failed same as Public Defender Albert Smith - to send all copies of transcripts and record and documents regarding all my cases in Colusa County Court System, <u>NO!</u> Information was sent to me by Albert Smith (Public Defender) or the Courts of Colusa

(Doc. No. 15 at 1-2.)[2]  None of these references by plaintiff in his amended civil rights complaint or the documents attached thereto make clear the nature of the claims he is attempting to present. The court finds that plaintiff has failed to state a cognizable claim for relief and his amended complaint will be dismissed.

    The undersigned has carefully considered whether plaintiff should be provided leave to amend his complaint. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir.1988). <u>See also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that, while leave to amend shall be freely given, the court need not allow futile amendments).  The court finds that further leave to amend would be futile in this case.  Plaintiff's vague and difficult to decipher allegations do not appear to involve a specific incident or condition of confinement and fail to state a cognizable civil rights claim.  Moreover, plaintiff was provided with applicable legal standards and was granted leave to amend and has failed to correct the deficiencies noted in the court's order dismissing his original complaint.  Therefore, the court will not grant plaintiff further leave to

---

[2] Plaintiff made similar references to the courts and law enforcement officials in Colusa County as weel as other agencies in a habeas action which he filed in this court. <u>See</u> <u>Davis v. Colusa County Jail, et al.</u>, No. 2:11-cv-02831-JAM-DAD P. That federal habeas petition was summarily dismissed on January 31, 2012 as failing to challenge to his custody or a judgment of conviction and/or as attacking ongoing criminal proceedings in state court where his constitutional challenges could be properly raised. Id., Doc. No. 10 at 2-3.

amend and will instead dismiss the amended complaint with prejudice.

### III. Request for Appointment of Counsel

Plaintiff requests that the court appoint him counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. In addition, plaintiff agues only that he is entitled to counsel because he is indigent. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

### IV. Motion to Add Plaintiff

In his motions, plaintiff seeks to add a Jesus Lopez, a Colusa County inmate, as a plaintiff in this action. Plaintiff alleges that Mr. Lopez is having difficulty obtaining adequate medical care, apparently at the Colusa County Jail. Plaintiff's motion in this regard will be denied in light of the noted deficiencies with plaintiff's amended complaint.[3]

---

[3] In addition, the court generally does not allow multiple pro se prisoner plaintiffs to proceed in a single action. Rather, if Mr. Lopez wished to pursue a civil rights action claiming inadequate medical care, he should do so by commencing his own separate civil action.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 28, 2011 application for leave to proceed in forma pauperis (Doc. No. 13) is denied;

2. Plaintiff's November 28, 2011 request for the appointment of counsel (Doc. No. 14) is denied;

3. Plaintiff's motions to add a plaintiff, filed on January 19, 2012, January 24, 2012, and February 10, 2012 (Docs. No. 18, 19, and 20), are denied; and

4. Plaintiff's amended complaint, filed on November 28, 2011, is dismissed with prejudice for failure to state a cognizable claim.

DATED: August 30, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
davis2830.fsc